UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| MEDIPATI REDDY | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ABN AMRO NORTH AMERICA, INC. | ) | No. 05 C 6219 |
| CONSUMER & COMMERCIAL | ) | |
| CLIENTS SHARED SERVICES PAY | ) | |
| PLAN and LASALLE BANK CORP. | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Plaintiff Medipati Reddy ("Reddy") filed a two-count complaint against two defendants, ABN AMRO North America, Inc. Consumer & Commercial Clients Shared Services Pay Plan[1] and LaSalle Bank Corporation ("LaSalle"). In count I of the complaint, Reddy asserts that the defendants owe him severance pay under the terms of the Plan, pursuant to the Employee Retirement Income Security Act ("ERISA") § 502 (a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). In count II, Reddy claims that the defendants denied his severance pay in retaliation for filing a Charge of Discrimination with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5. Presently before us is the defendants' motion to dismiss both counts under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which

---

[1] ABN AMRO North America, Inc. Consumer & Commercial Clients Shared Services Pay Plan is named as a defendant in accordance with 29 U.S.C. § 1132(d)(1). Hereafter, "the Plan" will refer to the document governing the terms of the ABN AMRO North America, Inc. Consumer & Commercial Clients Shared Services Pay Plan.

relief can be granted. For the reasons set forth below, we deny the motion.

## BACKGROUND

For the purpose of this motion, we treat the allegations in the complaint as true. *Thompson v. Illinois Dep't of Prof'l Regul.*, 300 F.3d 750, 753 (7th Cir. 2002). Reddy asserts that he is entitled under the Plan to severance pay totaling $12,623.24, but the defendants have paid him only $6077.82. (Compl. ¶¶ 12, 14). The defendants contend that they denied Reddy the remaining $6545.52 in accordance with the Plan terms, because they have no record of Reddy returning his company-issued laptop computer after LaSalle terminated his employment. (*Id.* ¶¶ 20, 23). The complaint refers to three letters from LaSalle to Reddy concerning the laptop. First, the Illinois Department of Labor forwarded a letter to Reddy from a LaSalle employee, which explained that one of Reddy's previous managers reported that Reddy did not return his company laptop. (*Id.* ¶ 20).

Second, Joan Schellhorn, the Plan Administrator and LaSalle's Senior Vice President of Human Resources, sent Reddy a letter dated October 31, 2003. (*Id.* ¶ 23). The October 2003 letter asked Reddy to supply proof that he returned the laptop, and "stated if [Reddy] is unable to provide proof, [Schellhorn] will try to determine the value of the computer and then deduct that amount from [Reddy's] remaining severance." (*Id.* ¶ 23).

Finally, Schellhorn sent another letter to Reddy, dated July 9, 2004, "denying [Reddy's] severance pay."[2] (*Id.* ¶ 30). Reddy asserts not only that the denial of severance pay was "in

---

[2]The defendants attached to their motion to dismiss, *inter alia,* a copy of the July 9 letter to Reddy. The defendants argue that it should be considered part of the pleadings, citing *Tierney v. Vahle*, 304 F.3d 734, 738-39 (7th Cir. 2002). In *Tierney*, however, the document at issue was attached to the complaint, not the defendants' motion. *Id.* at 738. Furthermore, *Tierney* states, "[w]hat would not be cricket would be for the defendant to submit a document in support of his

2

violation of Plan terms," (*Id.* ¶ 31), but also that the denial was issued in retaliation against him for filing "an unrelated complaint of discrimination" against LaSalle on July 1, 2004. (*Id.* ¶¶ 29, 34).

## STANDARD OF REVIEW

The purpose of a motion to dismiss under Federal Rule of Procedure 12(b)(6) is to test the sufficiency of the complaint, not decide the merits of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990) (quoting *Triad Assocs., Inc. v. Chicago Hous. Auth.*, 892 F.2d 583, 586 (7th Cir. 1989)). In considering a motion to dismiss, we must draw all reasonable inferences in the plaintiff's favor. *Cody v. Harris*, 409 F.3d 853, 857 (7th Cir. 2005); *Thompson*, 300 F.3d at 753.

## ANALYSIS

### A. Count I: ERISA

The defendants move to dismiss Reddy's ERISA claim, alleging that he fails sufficiently to plead that Schellhorn, as Plan Administrator, made an arbitrary and capricious decision about Reddy's entitlement to severance pay under the Plan. The arbitrary and capricious standard is appropriate to some, but not all, severance plans. *Hess v. Reg-Ellen Machine Tool Corp.*, 423 F.3d 653, 658 (7th Cir. 2005). "In ERISA cases the scope of the district court's . . . review [of a plan administrator's decision] is governed by the rule that a denial of benefits is reviewed de novo unless the plan gives the plan administrator discretion to construe policy terms." *Id.* Where the plan grants such discretion, the appropriate level of review is "the deferential arbitrary

---

Rule 12(b)(6) motion that required discovery to authenticate and disambiguate." *Id.* at 739. Schellhorn's letter dated July 9, 2004, is such a document.

3

and capricious standard." *Id.*

The defendants argue that the Plan in this case gives the Plan Administrator discretion to construe policy terms. The Plan, however, is not included in the complaint. The language cited by defendants to support their argument is quoted from the Summary Plan Description ("SPD") attached to Reddy's complaint. The introduction to the SPD states:

> This Summary Plan Description is merely an explanation and should not be relied upon other than as a general summary of the features of the Plan. Your rights are governed by the terms of the Plan document itself. You should refer to the Plan document for complete information for any rights and obligations you have under the Plan. **IN THE EVENT OF ANY DIFFERENCE BETWEEN THE TERMS OF THIS SUMMARY PLAN DESCRIPTION AND THE PLAN DOCUMENT, THE TERMS OF THE PLAN DOCUMENT SHALL CONTROL.**

(Compl. Ex. A) (emphasis in original).

It would be premature to grant a motion to dismiss based on terms allegedly contained in the Plan without the opportunity to review the Plan. Therefore, we deny the defendants' motion to dismiss as to count I of the complaint.

### B. Count II: Retaliation

The defendants also seek to dismiss Reddy's claim for retaliation under Title VII as time-barred. They argue that according to the complaint, the defendants made the decision to deny the remaining $6545.52 of severance pay more than 300 days before Reddy filed his discrimination charge with the EEOC on April 20, 2005.

Reddy states in his complaint that "[o]n August 22, 2003, [he] appealed to the Plan Administrator for payment of remaining severance pay, duly stating evidences pertaining to the dispute." (Compl. ¶ 21). The defendants argue that if Reddy "appealed to the Plan Administrator," then a decision had already been made in August of 2003.

4

We disagree.

The allegations of a *pro se* plaintiff are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972). *Pro se* litigants' pleadings are to be construed liberally. *See Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996). Though the phrase "appealed to the Plan Administrator for payment" could be construed to mean that Reddy was appealing a prior decision by the Plan Administrator, it need not. We interpret "appealed to . . . for" to mean "asked for" or "requested," not to indicate a decision review process guided by the terms of the Plan.

## CONCLUSION

For the reasons stated above, we deny the defendants' motion to dismiss. It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated: 4/6/06

5